UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDID ADVICE, INC., PENSION PLAN & TRUST, § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-02-1746 |
| § | | |
| BEN R. LASSETER, § | | |
| *Defendant*. § | | |

## MEMORANDUM AND ORDER

On November 18, 2003, U.S. District Judge David Hittner entered a final judgment awarding plaintiff Candid Advice, Inc., Pension Plan & Trust $308,201.10 in damages, plus $8,000.00 in attorney's fees, against defendant Ben R. Lasseter. *See* Dkt. 14. Candid now seeks an order compelling post-judgment discovery of Lasseter's assets. *See* Dkt. 15. It also seeks sanctions against Lasseter, as well as reimbursement of expenses incurred in bringing this motion.[1]

While not specifically cited, Federal Rule of Civil Procedure 69 is the applicable rule governing post-judgment discovery. *See Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993), *cert. denied*, 510 U.S. 1073 (1994). It declares that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." FED. R. CIV. P. 69(a). The scope of this post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Thus, all discovery procedures provided in the rules are available in aid of execution on a judgment. FED. R. CIV. P. 69(a), 1970 advisory committee's note.

---

[1] This motion has been referred to this magistrate judge for determination. Dkt. 16.

In its discovery requests, Candid Advice seeks documents relating to Lasseter's assets (in particular, his checking and savings accounts; real and personal property; stocks, bonds, mutual funds, pension plans, and similar investments); and other financial information (such as tax returns; financial statements; loans; and insurance policies). *See* Dkt. 15, Ex. A. Lasseter has not responded to the discovery requests or this motion.[2]

There is little doubt that Candid Advice, as the judgment creditor, is entitled to discover financial information from the judgment debtor relating to assets potentially available to satisfy the judgment. *See British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 588 (W.D. Tex. 2000) (Federal Rule of Civil Procedure 69(a) authorizes discovery allowing a judgment creditor to identify assets from which a judgment may be satisfied); *see also* 12 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 3014 (2d ed. 1997). Even the most sensitive of the requested documents, the tax returns, are virtually presumed relevant to a judgment creditor in post-judgment discovery of the judgment debtor's assets. *See LeGrand*, 43 F.3d at 172.

And just as in pre-trial discovery, if the party against whom post-judgment discovery is sought fails to answer, Rule 37(a)(2)(B) allows the discovering party to compel. *National Satellite Sports, Inc. v. Elizondo*, 2003 WL 21507362, at *1 (N.D. Tex. 2003). Lasseter has been given due notice of Candid Advice's post-judgment discovery requests by being personally served on January 6, 2005. *See* Dkt. 15, Ex. E. This motion to compel was filed on May 12, 2005. Lasseter has failed to respond, or to object. Accordingly, Candid Advice's motion to compel is granted.

---

[2] *See* S.D. Tex. Loc. R. 7.4 ("[f]ailure to respond will be taken as a representation of no opposition"); *see also Daniels v. BASF Corp.*, 270 F. Supp. 2d 847, 850 (S.D. Tex. 2003).

Candid Advice's motion for a monetary fine against Lasseter, however, is premature at this stage. The party seeking an order of contempt needs to establish that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *See LeGrand*, 43 F.3d at 170; *see also* 8A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2282 (2d ed. 1994) (discovery sanctions are normally imposed only where there has been a failure to comply with a court order). There is, as of yet, no court order requiring Lasseter to produce his financial information. Thus, there has also been no failure to comply with a court order justifying sanctions.

Finally, Candid Advice seeks reimbursement for reasonable expenses, including attorney's fees, associated with bringing this motion to compel. It claims an amount of $1,000.00 in attorney's fees, as well as the expense of $95.00 in serving Lasseter. Federal Rule of Civil Procedure 37(a)(4)(A) does provide that if a motion to compel is granted, the court shall, after a hearing, require the party necessitating the motion to pay the moving party reasonable expenses incurred in making the motion.[3] Accordingly, Lasseter will be ordered to appear before this court to show cause why

---

[3] The rule states:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(4)(A).

he should not be ordered to reimburse Candid Advice for its reasonable expenses, including attorney's fees, incurred by this motion.

Therefore, it is ORDERED that Ben R. Lasseter shall provide full and complete responses to Candid Advice's post-judgment interrogatories and requests for production by the close of business on July 1, 2005.

It is further ORDERED that Ben R. Lasseter appear before this court on July 8, 2005, at 10 am, Courtroom 702, to show cause why he should not be required to reimburse Candid Advice's reasonable expenses in bringing this motion, including attorney's fees.

Signed on June 7, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge